## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | No. 11-473-2 |
| CHEZAREE B. HALL | : | |

### MEMORANDUM

YOHN, J.                                                             August 4, 2015

In February 2012, Chezaree Hall was found guilty on federal drug and firearm charges and sentenced to 11 ½ years in prison.  After an unsuccessful direct appeal, Hall moved to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.  Because Hall has not shown that she received ineffective assistance of counsel, or that any constitutional rights were violated by her being prosecuted under federal rather than state law, I will deny the motion.

## I.      BACKGROUND AND PROCEDURAL HISTORY

The Third Circuit summarized the underlying facts of this case as follows:

On a cool fall morning in September of 2010, law enforcement authorities executed a search warrant of, *inter alia*, a house situated at 409 West Second Street, Birdsboro, Berks County, Pennsylvania. Chezaree B. Hall resided in the house with her two minor sons, her significant other, Leon Stanton, and his minor daughter. Because of concerns about illegal weapons in the residence and because law enforcement authorities "wanted to protect the young children from any violence," officers awakened Hall and the other residents of the house early in the morning and claimed that they needed to leave the premises because of a natural gas leak. As Stanton and the other residents left the home, he was arrested. Hall and the children were directed to stand immediately across the street.

A SWAT team member present at the scene noticed that Hall "was clutching her pocketbook very tightly" with "both arms around it." Finding this conduct suspicious, the SWAT member informed a detective of the Pottstown Police Department. The detective thought it unusual that Hall had taken the time to collect her pocketbook, while failing to retrieve a coat for herself or to fully dress her children. Because the detective knew of Stanton's history of violence and because the detective was concerned that guns—suspected of being in the house—might now be in the pocketbook, he advised Hall that he needed to take

her pocketbook. The weight of the pocketbook heightened his concern, and when the detective opened it, he found two guns and a bag containing drugs.

*United States v. Hall*, 550 F. App'x 133, 133 (3d Cir. 2014).  On August 24, 2011, a grand jury returned an indictment against Hall and Stanton, charging them each with controlled substances violations under 21 U.S.C. §§ 841(a) (Count I) and 860(a) (Count II) and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count III).[1]  *See* Doc. No. 1.

On January 17, 2012, Hall filed a motion to suppress physical evidence, arguing that the affidavit in support of the application for a search warrant did not establish probable cause to search her residence, that the search of her pocketbook was unlawful because the warrant did not specifically identify her as a person or her purse as an item to be searched, and that the warrant did not authorize searching her pocketbook because that search took place outside of her residence.  Doc. No. 44.  The court heard evidence and argument on January 30, 2012 and denied the motion to suppress on February 2, 2012.  Doc. No. 61, 64.  The court found on the record that the affidavit submitted by Detective Richard "did establish probable cause and that the magistrate did have a substantial basis for concluding that probable cause existed under the totality of the circumstances" to search the house.  Suppression Hr'g Tr. 8, Feb. 2, 2012.  The court further found that even if two of the confidential informants relied upon in the affidavit were "tainted," the warrant was still "otherwise validly issued upon probable cause reflected in the balance of the affidavit."  *Id.* at 7.  Likewise, the court found that even if there were problems with the affidavit, the "good-faith exception" would have allowed the fruits of the search to be admitted.  *Id.* at 8.  Finally, the court held that the detective who detained Hall had a "reasonable

---

[1] Stanton was additionally charged as a felon-in-possession under 18 U.S.C. § 922(g)(1) (Count IV).

2

suspicion that she was armed and dangerous," which "justified, at the least, a stop and frisk which would include the pocketbook and resulted in the search of the pocketbook."  *Id.* at 14.

Hall and Stanton were tried separately, and Hall was found guilty on all counts on February 15, 2012, following a three-day jury trial.  Doc. No. 69, 80.  Count I of the indictment was subsequently dismissed as a lesser-included offense, and Hall was sentenced to 78 months on Count II and 60 months on Count III, to be served consecutively for a total of 138 months imprisonment.[2]  Doc. No. 95, 96.  Hall timely appealed, arguing only that the court erred in denying her motion to suppress.  *See* Brief of Appellant at *6, *United States v. Hall*, 550 F. App'x 133 (3d. Cir. 2014) (No. 12-2665), 2012 WL 6219011.  The Third Circuit affirmed the conviction on January 15, 2014, holding that the search of Hall's pocketbook "was permissible" as a stop-and-frisk under *Terry v. Ohio*, 392 U.S. 1 (1968).  *Hall*, 550 F. App'x at 134.

On December 11, 2014, Hall filed this motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, arguing that she received ineffective assistance of counsel in violation of the Sixth Amendment and that she was convicted on federal criminal charges without the prosecution's having establishing a nexus to interstate commerce, in violation of the Tenth Amendment.  The government responded in opposition on March 27, 2015.

## II.   DISCUSSION

### A.      Sixth Amendment

Hall asserts that her "Sixth Amendment right to effective assistance of counsel was violated due to the ineffective assistance she [received] from Sharif Abaza, Esq. during pretrial, trial, and appellate states."  Mot. 14.  Specifically, Hall raises three distinct but related claims of ineffective assistance.  First, she argues that Abaza "failed to conduct an adequate pretrial

---

[2] On April 29, 2015, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, and by agreement of the parties, Hall's total term of imprisonment was reduced to 123 months.  *See* Doc. No. 187.

investigation," which left him unable to "point[] out the falsehoods in Det. Richard's actions." *Id.* at 23. Second, Hall argues that Abaza was ineffective for "failing to litigate" that her "Fifth Amendment right [to Due Process] was violated due to Det. Richard's Fourth Amendment violation[] and perjured testimony before this court[,] which led to the erroneous adverse rulings." *Id.* at 27. Third, Hall argues that counsel was ineffective in "fail[ing] to litigate the fact that the warrant failed the particularity requirement" under the Fourth Amendment. *Id.* at 32.

The Third Circuit has held that, to make out an ineffective assistance of counsel claim under § 2255, the movant must show:

> [First,] that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Travillion*, 759 F.3d at 289 (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Thus, to prove a valid claim, [movant] must show both deficiency and prejudice." *Id.*

On her first claim, asserting inadequate pretrial investigation, Hall fails to show how her counsel's performance was deficient in any way. As Hall correctly notes, "failure to investigate a critical source of potentially exculpatory evidence may present a case of constitutionally defective representation." *Travillion*, 759 F.3d at 293 (quoting *United States v. Baynes*, 622 F.2d 66, 69 (3d Cir. 1980)). But Hall does not provide any specific details about what source or sources of evidence her attorney could have but failed to investigate. *See* Mot. 23-25. Indeed, the argument regarding failure to investigate simply rehashes Stanton's repeated claim that one of the confidential informants (specifically, CI #2) relied upon in the application for a search warrant was in fact Korey Brown, a fellow member of Stanton's gang. *Id.* In that vein, Hall asserts that "[h]ad counsel investigated he would [have] been able to present documents to this

court that clearly suggests Det. Richard[] fabricated information in the affidavit and recklessly omitted the fact [that] Korey Brown . . . was involved in the shooting that was the basis to secure the search warrant on petitioner's residence(s)." Mot. 24.  She completely fails to identify such documents, where they could have been found, or how they would have discredited Detective Richard.  Moreover, the court has found on the record that "even without the allegations of [CI #2], there are sufficient allegations in the search warrant in other respects, that would justify the issuance of the search warrant."  Suppression Hr'g 21:13-17, Aug. 21, 2012.  Thus, even if counsel insufficiently investigated as to Brown's role, no prejudice to Hall resulted, because the warrant could have been validly issued without the input of CI #2.  Moreover, the search of Hall's purse would have been valid even without the warrant in question.  The Third Circuit has explained that "[u]nder the well-established exception to the warrant requirement set forth in *Terry v. Ohio*, 392 U.S. 1 (1968) . . . an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot."  *United States v. Johnson*, 592 F.3d 442, 447 (3d Cir. 2010) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)).  The record clearly shows that the detective had just such a "reasonable, articulable suspicion" of criminal activity on the morning of September 11, 2010, based on how Hall was acting with respect to her purse.  Indeed, the Third Circuit has expressly stated that the search of Hall's handbag "was permissible under *Terry v. Ohio*."  *Hall*, 550 F. App'x at 134 (citation omitted).  In other words, the fruits of the search of Hall's purse would not have been suppressed even if Hall's counsel had successfully challenged the warrant, so she cannot make a showing of prejudice.  Hall is therefore unable to claim ineffective assistance on this basis.

Second, Hall asserts that her attorney was ineffective in failing to challenge the "perjured testimony" of Detective Richard either at trial or on direct appeal, which resulted in a violation of her right to due process under the Fifth Amendment.  Mot. 27.  Hall points to only one specific instance that, according to her, amounts to perjury.  Detective Richard wrote in the probable cause affidavit that "[s]ome of these 'sources' or 'confidential informants' have already been threatened by those involved."  Supp. App. 15.  Later, at the suppression hearing, the following exchange took place between Stanton's counsel and Detective Richard:

> Q.   As far as you know, there were not threats made to any confidential informant or anything along those lines in this particular case?
>
> A.   In this particular case, to a confidential informant, no.

Suppression Hr'g 125:20-23, Jan. 30, 2012.  These statements are not even inconsistent, let alone sufficient grounds for an allegation of perjury, since both can be true so long as (1) sources but not CIs were threatened, or (2) CIs were threatened but not in this particular case.  Indeed, the court found on the record that Stanton was "extremely credible during his testimony" and that there existed "no basis . . . to taint [] any of the evidence in the probable cause affidavit." Suppression Hr'g 8:1-8, Feb. 2, 2012.  Hall's counsel cannot be faulted for not making this perjury-centered argument, therefore, as an attorney is "not ineffective for failing to raise a meritless claim."  *Real v. Shannon*, 600 F.3d 302, 310 (3d Cir. 2010).

Lastly, Hall claims that counsel was ineffective for failing to challenge the search warrant application as "facially insufficient" and the warrant itself as not "meet[ing] the particularity requirement."  Mot. 30.  For one, the search of Hall's purse was valid even absent the warrant. *Hall*, 550 F. App'x at 134.  For another, the Third Circuit directly addressed and rejected these exact arguments as raised by Stanton in his direct appeal:

The probable cause affidavit explained that the investigation concerned several shootings between two rival groups involved in drug trafficking. The affidavit detailed the various members of the groups, including Stanton, and the various firearms in their possession. . . . It was sufficient that the facts established a "fair probability" that Stanton, who was not permitted to possess a firearm because of his criminal history, had a firearm at his residence. We conclude that showing was satisfied.

Stanton also argues that the warrant failed to describe with particularity the things to be seized. A review of the warrant shows that his argument lacks merit. In addition, Stanton contends that the firearms and drugs seized as a result of the execution of the search warrant should have been suppressed because the affidavit failed to establish probable cause or to meet the particularity requirement. Because we concluded that neither argument was persuasive, suppression was unnecessary.

*United States v. Stanton*, 566 F. App'x 166, 167-68 (3d Cir. 2014) (citation omitted). The Third Circuit's reasoning is equally applicable here, and Hall's counsel therefore cannot be considered ineffective for failing to raise this meritless claim, either. *See Real*, 600 F.3d at 310.

## B.    Tenth Amendment

Hall also argues that her conviction is, broadly speaking, flawed on federalism grounds. This claim is two-fold. First, citing *United States v. Spinner*, 180 F.3d 514 (3d Cir. 1999), she contends that her convictions were invalid because the government neither alleged in the indictment nor proved at trial that her conduct affected interstate commerce. Mot. 15. In *Spinner*, the Third Circuit did reverse a conviction for access device fraud because the indictment failed to allege that defendant's conduct had an effect on interstate commerce. 180 F.3d at 516. But that holding turned on the fact that the statute at issue only covered access device fraud that "affects interstate or foreign commerce." 18 U.S.C. § 1029(a). The Third Circuit was therefore merely applying the general rule that "a defendant has a 'substantial right to be tried only on charges presented in an indictment returned by a grand jury.'" *Spinner*, 180 F.3d at 516 (quoting *Stirone v. United States*, 361 U.S. 212, 217 (1960)). Here, however, none

of the statutes under which Hall was charged contains an element requiring proof of an effect on commerce. *See* 21 U.S.C. §§ 841(a), 860(a); 18 U.S.C. § 924(c).  As a result, the indictment did not require any allegations regarding an effect on commerce, nor did the government need to prove such at trial.

Second, Hall asserts that her convictions "violated her Tenth Amendment right" and "cannot stand" after the Supreme Court's ruling in *Bond v. United States* (*Bond I*), 131 S. Ct. 2355 (2011).  Mot. 35.  There, the Court held that a defendant had standing under the Tenth Amendment to challenge a federal prosecution "in excess of the authority that federalism defines."  131 S. Ct. at 2363-64.  Moreover, the Court ultimately found that the statute in question did not cover the "purely local" conduct at issue because Congress had not provided a "clear indication" that it was meant to do so.  *Bond v. United States* (*Bond II*), 134 S. Ct. 2077, 2090 (2014).  But the Third Circuit has firmly rejected this argument as applied in this case.  In *United States v. Orozco*, the Third Circuit held that "when Congress enacted the Comprehensive Drug Abuse Prevention and Control Act of 1970 (of which 21 U.S.C. § 860 is a part), Congress expressly found that drug trafficking affected interstate commerce."  98 F.3d 105, 107 (3d Cir. 1996).  Thus, Hall's conviction squares with the Tenth Amendment and controlling precedent.[3]

## III.   CERTIFICATE OF APPEALABILITY

To warrant the issuance of a certificate of appealability on a motion under § 2255, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong.  *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  No reasonable jurist could disagree that Hall's

---

[3] Hall argues in passing that her counsel was ineffective for failing to raise a Tenth Amendment challenge to her conviction, but, again, an attorney is "not ineffective for failing to raise a meritless claim."  *Real*, 600 F.3d at 310.

constitutional claims lack merit here, as previously explained, so no certificate of appealability shall issue.

**IV.      CONCLUSION**

For the foregoing reasons, I will deny Hall's motion, and no certificate of appealability will issue.  An appropriate order follows.